**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **RICK DESPRES**, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
|  | **DEMAND FOR JURY TRIAL** |
| *v.* |  |
| **CITIZENS DISABILITY LLC,** a Massachusetts company, |  |
| *Defendant.* |  |

## CLASS ACTION COMPLAINT

Plaintiff Rick Despres ("Plaintiff Despres" or "Despres") brings this Class Action Complaint and Demand for Jury Trial against Defendant Citizens Disability, LLC ("Citizens Disability") to stop Defendant from violating the Telephone Consumer Protection Act by making unsolicited, prerecorded and autodialed calls to consumers without their consent, including calls to consumers registered on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of Defendant. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1.     Citizens Disability is a for-profit company that assists consumers to receive disability benefits that they me be entitled to receive through Social Security.[1]

---

[1] https://www.linkedin.com/company/citizens-disability/about/

2.      Citizens Disability outsources a significant part of its outbound telemarketing in order to distance itself from the illegal telemarketing practices conducted on its behalf.[2]

3.      Prerecorded and autodialed calls are placed to consumers, regardless of whether their phone numbers are registered on the DNC and whether they consented to receive these types of calls, in order to solicit consumers to use Citizens Disability's services.

4.      Neither Citizens Disability or its outsourced telemarketing partner have prior express written consent to be placing calls to consumers using prerecorded messages and/or an autodialer.

5.      Even worse, there is a disturbing pattern when it comes to consumers asking that the unsolicited, unwanted telemarketing calls stop. Such requests are seemingly disregarded, resulting in many additional calls to consumers that should never have received any unsolicited calls in the first place.

6.      In Plaintiff Despres' case, Despres received multiple prerecorded and autodialed calls on his cellular phone despite letting Defendant's agents know that he wanted the calls stopped, and despite the fact that Despres registered his cellular phone number on the DNC.

7.      In response to these calls, Plaintiff Despres files this lawsuit seeking injunctive relief, requiring Defendant to cease from placing, or having agents place these calls for its benefit unsolicited autodialed calls to consumers' cellular telephone numbers using an automatic telephone dialing system and/or pre-recorded calls without consent and otherwise calling telephone numbers registered on the National Do Not Call Registry ("DNC"), as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

8.      Plaintiff Despres is a Freedom, New Hampshire resident.

---

[2] Citizens Disability has previously been sued for unwanted telemarketing calls under the TCPA at least 5 times in the past few years.

9.      Defendant Citizens Disability is a Massachusetts limited liability company

headquartered in Waltham, Massachusetts.

## JURISDICTION AND VENUE

10.     This Court has federal question subject matter jurisdiction over this action under

28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C.

§227 ("TCPA").

11.     This Court has personal jurisdiction over Defendant and venue is proper in this

District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the

wrongful conduct giving rise to this case occurred in and/or was directed from this District.

## COMMON ALLEGATIONS

### Citizens Disability Uses Third Party Telemarketers Such as The Outsource Company to Solicit Consumers Without Consent For Citizens Disability's Benefit

12.     The Outsource Company is a telemarketing call center that operates from two

locations in Nigeria using multilingual agents that offer a number of services that include lead

generation.[3]

13.     On its main page, the Outsource Company lists Citizens Disability as one of its

active clients:

---

[3] http://outsource.africa/services/

## About The Outsource Company

We have a state of the art multi-lingual, 350+ seat capacity call centre operating from Abuja and Lagos and providing 24-hour call centre services for local and international clients. We are currently working on another 200+ seat capacity in Port Harcourt, Nigeria's oil capital. Our facility is a modern infrastructure which provides services of international standard. Our client base includes the Nigeria Communication Commission (NCC), Nigeria Broadcasting Commission (NBC), Surburban Fibre (a leading telecom company), Suntrust Bank and Citizens Disability (America's premier Social Security Disability advocacy group) and several others.

We are a member of International Association of Outsourcing Professionals (IAOP), a US-based and the leading global association of Outsourcing Professionals. [4]

14.     Frustrated consumers have discovered the troubling connection of Citizens Disability using third party telemarketers to call and qualify leads on their behalf and transferring them to Defendant Citizens Disability.

15.     For example, on 800notes.com, a site where consumers share their experiences with telemarketers, one consumer received a prerecorded call from a third-party telemarketer using the name "National Disability." After providing answers to the qualifying questions he was asked for the purposes of identifying the company behind the calls, the consumer was transferred to defendant Citizens Disability:

---

[4] http://outsource.africa/



**Michael**
11 Aug 2015

After getting a second call, I went through their "BS" recorded Q&A, giving them B/S answers. So after that I was finally transferred to a "real" person, that identified herself as being with a company called "CITIZENS DISABILITY".
Located at the web site ;
http://www.citizensdisability.com/
with the following address and phone number:
Citizens Disability
1075 Main Street, 4th Floor
Waltham, MA 02451
1-800-492-3260
Although the person I spoke with gave me the following phone number;
1-877-267-4337
When I questioned her about the name disparity Citizens vs National Disability, I was told that it was just a prerecorded intake/ screening recording. So I asked again about the name disparity, and was told that "oh it's just an old recording from before, that we still use to pre-screen prospective clients", So I asked further about the name change and my questions were ignored.

*Caller: 253-466-1802 National/Citizens Disability*

*Call type: Telemarketer*                                                                 5

     16.     Plaintiff Despres received an autodialed call on behalf of Citizens Disability from this same "National Disability" third party telemarketer using the phone number 603-509-3787. Despres noted that the call he answered began with a significant pause before a prerecorded agent came on the line, which indicates the use of an autodialer.

     17.     Numerous complaints online identify a telemarketer as "National Disability" that calls about services which are the same as Citizens Disability.[6]

---

[5] https://800notes.com/Phone.aspx/1-972-961-4752

[6] https://800notes.com/Phone.aspx/1-972-961-4752 "When I questioned her about the name disparity Citizens vs National Disability, I was told that it was just a prerecorded intake/ screening recording. So I asked again about the name disparity, and was told that "oh it's just an old recording from before, that we still use to pre-screen prospective clients", So I asked further about the name change and my questions were ignored."

**Citizens Disability Ratifies the Illegal Telemarketing Practices
Employed by Its Third Party Telemarketers Including The Outsource Company**

18.     Citizens Disability knew or should have known about the unsolicited calls being made for its benefit by its third party telemarketers who are calling consumers using autodialers and using pre-recorded messages without the consumer's consent and often to consumers registered on the DNC.

19.     To begin with, Citizens Disability has received direct complaints from consumers about telemarketing calls they received from third party telemarketers for Defendant Citizen Disability's benefit.

20.     For example, a consumer posted a complaint on Citizen Disability's Better Business Bureau ("BBB") page stating, "Yesterday, my husband received a *robocall* from a company we learned at the end was Citizens Disability, saying they were calling on behalf of Social Security to help process his disability application. Both people he talked with were not native English speakers."[7] Citizens Disability did not respond to the complaint.

21.     Another consumer posted a complaint on Citizen Disability's BBB page, explaining that he was transferred to Citizens Disability:

---

[7] https://www.bbb.org/us/ma/waltham/profile/social-security-services/citizens-disability-llc-0021-124756/customer-reviews



**Steve S**

★★★★★

12/12/2018

I just received a phone call from someone representing themself to be from Social Security Administration. The caller needed information to process my claim. He asked basic questions like am I currently unable to work, have I worked in the last five years and am I currently receiving benefits from Social Security. I answered those questions. The caller then transferred me to another guy "to continue the interview." The second guy said he was with "Citizens Disability." There are positive reviews for Citizens Disability so I cannot say they are not a legitimate business. I can say that Citizens Disability is not part of Social Security Administration. Citizens Disability may be using deceptive practices to recruit clients or Citizens Disability may be accepting referrals from another company that is using deceptive practices to make referral fees.



**Citizens Disability, LLC Response**

12/13/2018

Hi *****, We're sorry you had a negative experience with our business. You are correct that we are not a part of the SSA, and our representatives should never represent themselves as such. We are immediately investigating any calls you have received and appreciate you bringing it to our attention. [8]

22.     Another example, in a Google Review on Citizens Disability's page, a frustrated consumer posted the following complaint which Citizens Disability did not respond to, despite replying directly to many other complaints:



**Karyl Griffin**
3 reviews · 1 photo

★★★★★  3 years ago

I'm basing my review on the fact that they outsourced their phone center to India instead of maybe hiring Americans with Disabilities to make phone calls, and they call our coninc incessantly.  For the life of us we cannot get them to stop calling trying to sell their services to us.  I also know perfectly well that all those calls from "roger" "reginald" and "frederick" are really from guys in a call center near Delhi or Mumbai who's names are definitely not Roger, Reginald or Frederick.

 3

[9]

23.     In addition, Citizens Disability knew or should have known about the multitude of complaints that can be found online regarding calls consumers have received from a third-party telemarketer using the name National Disability.

24.     A cursory look online reveals the fact that hundreds, if not thousands of

consumers are receiving unsolicited, prerecorded and autodialed calls from "National Disability" agents, including complaints regarding the fact that consumers are unable to get the agents to stop calling. This is just a small sampling of those complaints:

- "They keep calling me and i told them that I'm already on it and not to call but they keep calling me over and over again (indicating the use of a prerecorded message). Sometimes they just hang up. Very rude."[10]
- "This is about disability I dont need their call."[11]
- "They call from MULTI NUMBERS many times a day and it is always 'AMY' with the 'NATIONAL DISABILITY SERVICE… I am on the do not call list and have reported them. Hopefully everyone will and they will get a big fat fine and stop calling us!"[12]
- "i keep getting calls from this number claiming they are national disability and want to ask questions to see if I qualify. [I] already have disability…"[13]
- "I get phone calls all hours of the day or night[.] I have blocked it several times but somehow they still get through when I call it back and ask to be put on their 'DO NOT CALL' list they still call."[14]
- "I'm not disabled or need AS[.] I wish they would stop calling me."[15]
- "… called and claimed that I applied for Social security disability and all he needed was my social security number to get my benefits to me. I told him I used to work in a Medicaid office and I was insulted at his scam attempt. I told him that I was on the do not call list and not to call again."[16]
- "I have been getting these Social Security disability benefits scam calls from various numbers on my land line all this week 2-3 times a day."[17]
- "Yet another call from National Disability Network and what a surprise using another phone number from their bank of phone numbers. No message left as usual with numerous complaints on the internet."[18]

25.     By allowing its third party telemarketers including The Outsource Company to continue placing calls on its behalf, especially in light of the many complaints posted online about these calls, Citizens Disability is actively ratifying the illegal telemarketing employed by its third party telemarketers.

---

[10] https://800notes.com/Phone.aspx/1-949-301-8752
[11] Id.
[12] https://800notes.com/Phone.aspx/1-972-961-4752/3
[13] https://800notes.com/Phone.aspx/1-207-573-5276
[14] Id.
[15] https://800notes.com/Phone.aspx/1-202-594-3353
[16] Id.
[17] Id.
[18] https://800notes.com/Phone.aspx/1-530-237-2404

26.     In addition, Citizen Disability benefits directly from the calls that are made on its

behalf, as the entire reason for the calls is to generate business for Citizens Disability.

**Third Party Telemarketers Place Prerecorded and Autodialed Calls to Consumer Cell Phones Without the Prior Express Written Consent to Place Such Calls On Behalf of Citizens Disability**

27.     As explained by the Federal Communications Commission ("FCC") in its 2012

order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded

[solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278,

FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

28.     Yet in violation of this rule, Defendant fails to obtain any express written consent

prior to placing (or having placed on its behalf) prerecorded and autodialed solicitation calls to

cellular telephone numbers such as those of Plaintiff Despres.

29.     In placing the calls that form the basis of this Complaint, Defendant (or agents

working on behalf of Defendant) utilized an automatic telephone dialing system ("ATDS" or

"autodialer") in violation of the TCPA. Specifically, the hardware and software used by

Defendant's agents has the capacity to generate and store random numbers, and/or receive and

store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion

without human intervention. Defendant's automated dialing equipment also is, or includes

features substantially similar to, a predictive dialer, meaning that it is capable of making

numerous phone calls simultaneously and automatically connecting answered calls to then

available callers and disconnecting the rest (all without human intervention).

30.     In selecting its third party telemarketers who generate leads for its business,

defendant Citizens Disability should have known how they called consumers and/or should have

monitored their actions.

31.     Furthermore, Citizens Disability knew or should have known that their third party telemarketers such as The Outsource Company were not maintaining a sufficient internal do not call list (or are not properly administering it) to ensure consumers do not receive additional calls after requesting that the calls stop.

## PLAINTIFF DESPRES'S ALLEGATIONS

32.     On September 13, 2017 Plaintiff Despres registered his cellular phone number on the DNC in order to avoid receiving unwanted, unsolicited telemarketing calls.

33.     Plaintiff Despres began to receive prerecorded calls on behalf of Defendant on his cellular phone in the middle of February 2019.

34.     Despres answered some of these calls, noting that the prerecorded agent that is designed to sound live would continue speaking when he would try to interrupt and ask for the calls to stop.

35.     Frustrated by the numerous calls, on February 28, 2019 at 10:04 AM, Plaintiff Despres answered a prerecorded call on behalf of Defendant using phone number 603-874-1850.

36.     The agent identified the company as being "National Disability" and began to ask questions presumably so Despres could be qualified to speak with Citizens Disability. When the agent, who identified herself as being Stephanie told Despres that she was replying to Despres' supposed inquiry into National Disability's services, Despres clearly told Stephanie that he did not inquire, thereby making it clear that he was not interested.

37.     Despite his opt-out request, Plaintiff Despres continued to receive calls from "National Disability" for the benefit of Citizens Disability.

38.     For example, Despres was called on February 27, 2019 at 6:30 PM by a "National Disability" agent using phone number 603-874-1697. He was then called again on February 28, 2019 at 10:04 AM by another "National Disability" agent using phone number 603-874-1850.

Despres was also called a second time on February 28, 2019, at 5:52 PM from a "National Disability" agent using phone number 603-874-1823.

39.     Despres called "National Disability" back a few times and specifically asked for the calls to stop. He even tried sending text messages to the phone numbers "National Disability" was using to call him, hoping that would stop the calls.

40.     Despite his numerous efforts to get the calls stopped, Plaintiff Despres received additional calls on behalf of Citizens Disability throughout April 2019.

41.     As the prerecorded calls are designed to sound like live agents, Despres was unable to confirm if all of the answered calls were in fact prerecorded. Most of the calls began with a noticeable pause, at the very least indicating the use of an autodialer.

42.     On April 10, 2019 at 2:53 PM and on April 12, 2019 at 3:14 PM, Despres received additional unwanted calls on his cellular phone on behalf of Citizens Disability, this time using phone number 603-509-3787. When Despres called 603-509-3787 back, a live agent identified the company as being "National Disability."

43.     Upon investigation, when calling 603-509-3787 the call is answered by "National Disability." Once the lead is qualified, the agent forwards the lead directly to Citizens Disability. When the Citizens Disability agent was questioned about "National Disability," she said that National Disability and Citizens Disability are the same company.

44.     Despres does not have a relationship with Citizens Disability or any of its affiliated companies, nor has he ever requested that Citizens Disability call him, or consented to any contact from Defendant.

45.     Despres does not use his cellular phone for business purposes.

46.     Citizens Disability did not obtain the prior express written consent to place solicitation telephone calls to Despres on his cellular phone using a prerecorded call and/or an

autodialer.

47.     The unauthorized telephone calls made by or on behalf of Citizens Disability, as alleged herein, have harmed Plaintiff Despres in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of hi cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

48.     Seeking redress for these injuries, Plaintiff Despres, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded and unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

49.     Plaintiff Despres brings this action pursuant to Federal Rule of Civil Procedure

23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks

certification of the following seven Classes:

**Prerecorded No Consent Class:** All persons in the United States who from four
years prior to the filing of this action (1) Defendant (or an agent acting on behalf of
Defendant) called, (2) for substantially the same reason Defendant called Plaintiff,
(3) using a prerecorded message, and (4) for whom Defendant claims (a) it obtained
prior express written consent in the same manner as Defendant claims it obtained
prior express written consent to call Plaintiff, or (b) it did not obtain prior express
written consent.

**Prerecorded Stop Class**: All persons in the United States who from four years
prior to the filing of this action (1) Defendant (or an agent acting on behalf of
Defendant) called, (2) for substantially the same reason Defendant called Plaintiff,
(3) using a prerecorded message, (4) after they told Defendant to stop calling.

**Autodialed No Consent Class:** All persons in the United States who from four
years prior to the filing of this action (1) Defendant (or an agent acting on behalf of
Defendant) called, (2) on the person's cellular telephone, (3) using substantially the
same dialing equipment used to call Plaintiff, (4) for substantially the same reason
Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior
express written consent in the same manner as Defendant claims it obtained prior
express written consent to call Plaintiff, or (b) it did not obtain prior express written
consent.

**Autodialed Stop Class**: All persons in the United States who from four years prior
to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant)
called, (2) on the person's cellular telephone, (3) using substantially the same
dialing equipment used to call Plaintiff, (4) after they told Defendant to stop calling.

**Do Not Call Registry Class**: All persons in the United States who from four years
prior to the filing of this action (1) Defendant (or an agent acting on behalf of
Defendant) called more than one time on his/her residential telephone number, (2)
within any 12-month period, (3) where the person's telephone number had been
listed on the National Do Not Call Registry for at least thirty days, (4) for
substantially the same reason Defendant called Plaintiff, and (5) for whom
Defendant claims (a) it obtained prior express written consent in the same manner
as Defendant claims it supposedly obtained prior express written consent to call, or
(b) it did not obtain prior express written consent.

**Do Not Call Stop Class**: All persons in the United States who from four years prior

to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her residential telephone number, (2) within any 12-month period, (3) at least thirty days after they told Defendant to stop calling.

**Internal Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her residential telephone number; (2) within any 12-month period, (3) for the purpose of selling Defendants' products and services.

50.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

51.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

52.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a)  Whether Defendant placed prerecorded calls to Plainitff and the members of the Classes;
>
> (b)  whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes;
>
> (c)  whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered on the DNC;

(d) whether Defendant placed prerecorded and/or autodialed telephone calls without first obtaining prior express written consent to make the calls;

(e) whether Defendant continued to make prerecorded and/or autodialed calls to Plaintiff and members of the Classes despite being asked to stop;

(f) whether Defendant's conduct constitutes a violation of the TCPA; and

(g) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

53.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Despres has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff Despres. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to the Classes.

54.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

55.     Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Prerecorded No Consent Class)**

56.     Plaintiff Despres repeats and realleges paragraphs 1 through 55 of this Complaint and incorporates them by reference.

57.     Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff Despres and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

58.     These prerecorded voice calls were made *en masse* without the prior express written consent of Plaintiff Despres and the other members of the Prerecorded No Consent Class.

59.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff Despres and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Prerecorded Stop Class)**

60.     Plaintiff Despres repeats and realleges paragraphs 1 through 55 of this Complaint and incorporates them by reference.

61.     Defendant and/or its agents made unwanted solicitation telephone calls to telephone numbers belonging to Plaintiff Despres and the other members of the Prerecorded Stop Call Class after being told to stop calling.

62.     These solicitation telephone calls were made *en masse*.

63.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff Despres and the other members of the Prerecorded Stop Call Class

are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### THIRD CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Autodialed No Consent Class)**

64.     Plaintiff Despres repeats and realleges paragraphs 1 through 55 of this Complaint and incorporates them by reference.

65.     Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff Despres and the other members of the Autodialed No Consent Class using an autodialer.

66.     These solicitation telephone calls were made *en masse* without the consent of Plaintiff Despres and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

67.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff Despres and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### FOURTH CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Autodialed Stop Class)**

68.     Plaintiff Despres repeats and realleges paragraphs 1 through 55 of this Complaint and incorporates them by reference.

69.     Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff Despres and the other members of the Autodialed Stop Call Class after being told to stop calling.

70.     These solicitation telephone calls were made *en masse*.

71.     Defendant has, therefore, violated 47 U.S.C. § 227(b). As a result of Defendant's conduct, Plaintiff Despres and the other members of the Autodialed Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### FIFTH CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Do Not Call Registry Class)**

72.     Plaintiff Despres repeats and realleges the paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

73.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

74.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[19]

75.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

76.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Despres and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do

---

[19] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

77.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Despres and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Despres and the Do Not Call Registry Class suffered actual damages and are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SIXTH CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Do Not Call Registry Stop Class)**

78.     Plaintiff Despres incorporates by reference paragraphs 1 through 55 of this Complaint and incorporates them herein by reference.

79.     Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to telephone subscribers such as Plaintiff Despres and the Do Not Call Registry Stop Class who specifically informed Defendant and/or its agents to stop calling them, and who received two or more additional calls within a 12-month period on behalf of Citizens Disability at least thirty (30) days after informing Defendant and/or its agents to stop calling them.

80.     As a result of Defendant's unlawful conduct, Plaintiff Despres and the Do Not Call Registry Stop Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff Despres and each member of the Do Not Call Registry Stop Class is each entitled to between $500 and $1,500 per violation.

## SEVENTH CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Despres and the Internal Do Not Call Class)**

81.     Plaintiff Despres repeats and realleges paragraphs 1 through 55 of this Complaint and incorporates them by reference.

82.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is

being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

83.     Defendant placed solicitation calls to Plaintiff Despres and members of the Internal DNC Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendants to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

84.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

85.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff Despres and the other members of the Internal Do Not Call Class are each entitled to between $500 and $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Despres, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff Despres as the representatives of the applicable Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff Despres and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, to implement sufficient TCPA related policies and procedures, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Despres request a jury trial.

Respectfully Submitted,

**RICK DESPRES**, individually and on behalf of those similarly situated individuals

Dated: June 19, 2019

/s/ Jason Campbell
Jason Campbell Esq.
250 First Avenue, Unit 602
Charlestown, MA 02129
(617) 872-8652
jasonrcampbell@ymail.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*